UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PNC EQUIPMENT FINANCE, LLC,     Case No. 1:14-cv-509

    Plaintiff,     Judge Timothy S. Black

vs.

MDM GOLF, LLC, *et al.*,

    Defendants.

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AND AWARDING DAMAGES (Doc. 18)**

This civil action is before the Court on Plaintiff's motion for default judgment against Defendant MDM Golf of Gillette Ridge, LLC ("Gillette Golf").[1] (Doc. 18). Defendants did not respond.

### I. PROCEDURAL HISTORY

Plaintiff filed its Complaint on June 18, 2014. (Doc. 1). Gillette Golf was served on June 24, 2014, but failed to answer on or before July 15, 2014. (Doc. 5). On August 12, 2014, the clerk entered default. (Doc. 11). Now, Plaintiff moves for default judgment and damages. (Doc. 18).

---

[1] This Court previously awarded Plaintiff default judgment as against Defendants MDM Golf, LLC ("MDM"), Matthew Menchetti, On Course Construction, LLC ("On Course"); Gillette Ridge Restaurant, LLC ("Gillette Restaurant"); and Gillette Ridge Golf Management, LLC ("Gillette Management") (collectively "Defendants"). (Doc. 15). Plaintiff also sought judgment against Gillette Golf. However, Gillette Golf filed a petition for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Connecticut, Case No. 14-21566, on August 4, 2014, thereby staying the proceedings against it. (Doc. 14). However, on March 13, 2015, the bankruptcy case was dismissed with prejudice. (Doc. 17, Exs. A and B). Upon notification that the bankruptcy case was dismissed (Doc. 17), this Court lifted the stay and reinstated proceedings against Gillette Golf. (4/19/16 Notation Order).

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## III. ANALYSIS

Gillette Golf having defaulted, the factual allegations it the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from

2

the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 206-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

As established by the facts set forth in the Complaint as well as the affidavit from Tina Bowling, an officer for Plaintiff, Plaintiff is entitled to damages in connection with Gillette Golf's default under two equipment lease agreements. (*See* Doc. 1 and Doc. 18, Ex. 1).

MDM Golf executed and entered into the following equipment lease agreements with National City Golf Finance, a division of National City Commercial Capital Company, LLC ("NC4") on or about March 26, 2009:

(a) Lease Agreement, Lease No. 121287000 ("Lease 7000") for that certain equipment ("Equipment 7000") described in Schedule A (Equipment) to Lease 7000; and

(b) Lease Agreement, Lease No. 121289000 ("Lease 9000") (collectively Lease 7000 and Lease 9000 shall be referred to herein as the "Leases) for that certain equipment ("Equipment 9000") (collectively, Equipment 7000 and Equipment 9000 shall be referred to herein as the "Equipment") described in Schedule A (Equipment) to Lease 9000.

As successor to NC4, Plaintiff is the current holder of the Leases. (Doc. 18 at 4). Pursuant to the terms of Lease 7000, MDM Golf agreed, in exchange for Lease of Equipment 7000, to remit to NC4 thirty payments of $18,206.66 each in accordance with the Payment Schedule to lease 7000. (*Id.*) Similarly, it agreed, in exchange for Lease of Equipment 9000, to remit to NC4 thirty payments of $643.60 each in accordance with the

3

Payment Schedule attached to Lease 9000. (*Id.*) Plaintiff, and/or its predecessor(s)-in-interest, performed all conditions, covenants and agreements to be performed on their parts under the Leases. (*Id.*) The respective Equipment was purchased by Plaintiff, and/or its predecessor(s)-in-interest, and delivered to MDM Golf in accordance with the terms of the applicable lease. (*Id.*)

MDM Golf, however, failed to make all rental payments under the Leases, thereby defaulting. (Doc. 18 at 4). Specifically, it failed or refused to remit the rental payments due under Lease 7000 on or after August 1, 2012. (*Id.* at 5). Similarly, it failed or refused to remit the rental payments due under Lease 9000 on or after September 1, 2012. (*Id.*) In accordance with the terms of the Leases, Plaintiff was entitled, upon default by MDM Golf, to declare the Stipulated Loss Value, as defined in Paragraph 10 of each of the Leases, immediately due and owing. (*Id.*) Plaintiff issued written notice of default to MDM Golf, demanding all unpaid payments and other amounts due under the Leases, but MDM Golf failed or refused to pay said amounts. (*Id.*) Plaintiff thereafter repossessed and sold the Equipment. (*Id.*) After applications of the net proceeds from the sale of the Equipment, the following amounts remain due and owing to Plaintiff: (a) $204,338.48 under Lease 7000; and (b) $5,766.91 under Lease 9000. (*Id.*)

Given MDM Golf's failure to pay the amounts due under the Leases, Plaintiff made demands upon Gillette Golf under the Leases in accordance with the terms of the respective Guaranty. (Doc. 18 at 5). Despite demand, Gillette Golf failed or refused to pay the amounts due from MDM Golf under the Guaranty. (*Id.*)

4

Pursuant to Paragraph 14 of each of the Leases, Plaintiff is also entitled to reimbursement of all costs and expenses, including reasonable attorneys' fees, incurred in connection with the collection of payments thereunder. (Doc. 13, Ex. 1 at ¶ 15). Plaintiff's counsel agreed to accept and Plaintiff agreed to pay a flat fee of $2,435.88 in connection with the litigation of Plaintiff's claims. (*Id.* at ¶ 6). Plaintiff's counsel spent approximately 18.70 hours litigating this civil action. (*Id.* at ¶ 8). Counsel's hourly rate ranged from $270.00 to $295.00 during the relevant period. (*Id.* at ¶ 9). Accordingly, while counsel agreed to accept a flat fee, the attorney's fees would have been approximately $5,378.50, had counsel charged her hourly rate. (*Id.*) Accordingly, this Court finds the fees to be reasonable.

### IV. CONCLUSION

Therefore, as evidenced in Plaintiff's exhibits and affidavits and as set forth herein, the Court enters judgment by default in favor of Plaintiff granting it monetary damages against Defendant MDM Golf of Gillette Ridge, LLC, jointly and severally with the defaulted parties (*See* Doc. 15), in the following amounts: (a) $204,338.48 plus interest at the statutory rate from August 1, 2012; (b) $5,776.91 plus interest at the statutory rate from September 1, 2012; and (c) $2,435.88 in attorney's fees plus costs.

**IT IS SO ORDERED**.

Date: 6/20/16

*Timothy S. Black*
Timothy S. Black
United States District Judge

5